## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VIRGINIA ROONEY and  
THOMAS BRAMANTE, W/H  
6007 Hegerman Street  
Philadelphia, Pennsylvania 19135  

v.   NO.

MAVIS TIRE SUPPLY LLC  
6301 Frankford Avenue  
Philadelphia, Pennsylvania 19135  

and   **COMPLAINT AND JURY DEMAND**

MAVIS TIRE NY LLC  
358 Saw Mill River Road  
Millwood, New York 10546-1051  

## CIVIL ACTION COMPLAINT

### THE PARTIES

1. Plaintiffs, Virginia Rooney and Thomas Bramante, w/h, are adult individuals and citizens and residents of the Commonwealth of Pennsylvania, who reside at 6007 Hegerman Street, Philadelphia, Pennsylvania 19135.

2. Defendant, Mavis Tire Supply LLC, is a business limited liability corporation, registered as a corporate citizen and resident of the State of Delaware, authorized to do business and regularly conducting business in the Commonwealth of Pennsylvania, with its principal place of business located at 358 Saw Mill River Road, Millwood, New York and retail business location as captioned.

3. Defendant, Mavis Tire NY LLC, is a business limited liability corporation, registered as a corporate citizen and resident of the State of Delaware, authorized to do business and regularly

conducting business in the Commonwealth of Pennsylvania, with its principal place of business located at 358 Saw Mill River Road, Millwood, New York and retail business location as captioned

4. All of the below-described acts or omissions were done jointly and/or severally by Defendants by and through their agents, servants, workman and/or employees acting within the scope of such agency and in furtherance of the Defendants' business.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to **28 U.S.C. 1331** in that "the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States" *and* **28 U.S.C. 1332(a)(1)** in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

6. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: - it is where a substantial part of the events or omissions given rise to the claim occurred as well as 1391(b)(3) in that some or all of the Defendants are subject to personal jurisdiction here.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. At all times relevant hereto, Plaintiffs owned a 2018 Ford Escape (hereinafter "Ford"), purchased new from an authorized Ford dealership, with a VIN number of 1FMCU9GD4JUA77961.

8. At all times prior to August 23, 2020, said Ford vehicle was in good working order to the best of Plaintiffs' belief and knowledge and covered under a manufacturer's warranty.

9. On or about August 23, 2020, Plaintiffs took said Ford to Defendants for a routine oil change, something Defendants perform on a routine, daily basis and represent and advertise to the general public that Defendants are capable of doing in a good and workmanlike manner.

10. On said date, Defendants did, in fact, perform an oil change on said Ford and in return, Plaintiffs paid the sums demanded by Defendants for such products and services.

11. On or about October 13, 2020, said Ford suffered catastrophic breakdown while being used for its designed and intended use, as a direct result of the negligence, recklessness and deficient workmanship of Defendants, to wit, the oil filter installed by Defendants became dislodged which allowed all of the engine oil to leak out of the Ford while in use, causing the engine to seize, rendering the Ford unusable and unfit for its intended purpose.

12. As a result of the above, Plaintiffs had said Ford towed to the local authorized Ford dealership who diagnosed a complete engine failure as a direct result of the aforesaid acts, requiring a replacement of same at a cost of $6,384.96.

13. Plaintiffs immediately contacted and notified Defendants herein of same and communicated over time with Defendants' local representative, Stacy Stipanovic, Regional Training Manager for Mavis Tire; Defendants, via Ms. Stipanovic, have refused to pay for same.

14. Defendants acknowledged and admitted to the negligence and wrongdoing but only offered to repair the Ford with a used engine from a wrecked vehicle which would void Plaintiffs current, in-force, factory warranty on said Ford as well as diminish the value of the Ford which is only 2 years old. Furthermore, Defendants would only make such repairs if its own mechanics did the work; Defendants refused to pay for or permit the authorized Ford dealership to install the new engine needed. Suffice to say, Plaintiffs refused same.

15. As a result of the conversations, Defendants tried to coerce Plaintiffs into the above resolution, to the great detriment and loss of Plaintiffs and in violation of well-settled consumer protection laws, both State and Federal.

16. As a retail provider of automotive goods and services to the public, at large, Defendants are bound by both State and Federal law and owe all duties and responsibilities in connection with same to Plaintiffs who are "consumers" in this matter.

17. Defendants have breached all duties owed to Plaintiffs for which Plaintiffs have suffered great financial loss, aggravation, stress and hardship for which Defendants are responsible for payment to Plaintiffs. Plaintiffs have lost total use of said Ford since October 13, 2020.

18. Defendants hold themselves out to the public as an automotive repair service and goods business for which Defendants owe express and implied warranties to Plaintiffs.

19. As a direct result of the actions of the Defendants, said Ford cannot be used for its intended purpose, poses a danger if used and renders the vehicle worthless and a total loss.

20. At this juncture, the vehicle has been out of service, due to Defendants' acts, for a cumulative total of over 30 days.

21. Defendants are in breach of their own warranty agreement as well as warranties by operation of law.

22. Plaintiff is financially damaged due to Defendants' failure to comply with its warranties which failures Plaintiff believes have been negligent, wanton, reckless and intentional.

23. Plaintiffs seek relief for all losses due to the aforementioned and hereafter mentioned acts of Defendants, in addition to attorney fees and court costs.

## COUNT I
## MAGNUSSON MOSS WARRANTY ACT
## PLAINTIFFS V. ALL DEFENDANTS

24. Plaintiffs hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

25. Plaintiffs are a "Consumer" as defined by 15 U.S.C. § 2301(3).

26. Defendant is a "Warrantor" as defined by 15 U.S.C. §2301(5).

27. The purpose for which Plaintiff uses the Ford is personal, family, and household use.

28. By the terms of the express and implied warranties referred to in this Complaint, Defendant agreed to perform effective repairs in a workmanlike manner.

29. Defendants have made zero attempts to comply with the terms of its warranty.

30. As a direct and proximate result of Defendants' failure to comply with the implied or express warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

31. Section 15 U.S.C. §2310(d)(1) provides:

> If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgement a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon the actual time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

32. Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees are recoverable and are demanded against Defendant.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants in an equal amount equal to the contract price of the subject vehicle, plus all collateral charges and attorney

fees, and all other damages provided by law, including treble damages, in an amount greater than Seventy-Five Thousand Dollars ($75,000.00).

## COUNT II
## UNIFORM COMMERCIAL CODE
## PLAINTIFFS V. ALL DEFENDANTS

33. Plaintiffs hereby incorporate all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

34. The failure of Defendants to act constitutes a breach of contractual and statutory obligations of Defendants, including but not limited to the following:

    a. Breach of Express and/or Implied Warranty;

    b. Breach of Contract;

    c. Breach of Duty of Good Faith;

35. At the time of purchasing the goods and services and at all times subsequent thereto, Plaintiffs justifiably relied upon Defendants' warranties to their detriment and loss.

36. Plaintiffs have incurred damages as a direct and proximate result of the breach and failure of Defendants to honor its warranties.

37. Such damages include, but are not limited to, the purchase price of the goods and services plus all collateral charges, including attorney fees and costs, as well as other expenses, the full extent of which are not yet known.

**WHEREFORE,** Plaintiffs respectfully demand judgment against the Defendants, in an amount equal to the purchase price of the subject vehicle, plus all collateral charges and attorney fees, including all damages not yet ascertainable, treble damages and punitive damages, all as provided by law.

## COUNT III
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
## PLAINTIFFS V. ALL DEFENDANTS

38. Plaintiffs hereby incorporate all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

39. Plaintiffs are a "Person" as defined by 73 P.S. §2012(2).

40. Defendants are a "Person" as defined by 73. P.S. §2012(2).

41. The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. §201-2(4), defines "unfair or deceptive acts or practices" to include, but not limited to the following:

> (vii). Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;
>
> (xiv). Failing to comply with the terms of any written guarantee or warranty given to the byer at, prior to, or after a contract purchase of good or services is made;
>
> (xv). Knowingly misrepresenting that services, replacements or repairs are needed if they are not needed;
>
> (xvi). Making repairs, improvements or replacements on tangible, real or personal property of a nature or quality inferior to or below the standard of that agreed to in writing;
>
> (xvii). Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

42. Plaintiff believes, and therefore avers, that Defendants' conduct falls within the aforementioned definition of "unfair or deceptive acts or practices." Furthermore, Defendants' actions constitute otherwise reckless, wanton, or willful conduct which is prohibited by the Statute.

43. Section 201-9.2(a) of the Statute provides for private causes of action for any person "who purchases or leases goods or services primarily for personal, family household purposes."

The Statute authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

44. Plaintiff believes and avers, that Defendants' conduct in the sale and failed servicing of the Ford violates the Statute and rules and regulations promulgated thereunder.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with all collateral charges, attorney fees, and costs of suit, treble and punitive damages.

## COUNT IV
## DIMINUTION OF VALUE
## PLAINTIFFS V. ALL DEFENDANTS

45. Plaintiffs hereby incorporate all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

46. Companies and organizations such as the National Insurance Crime Bureau, autoDNA, CarFax, AutoCheck and the like provide lookup tools to consumers and car dealers to help them determine if an automobile has been stolen or has a history of repairs. While the tools help consumers looking for a used vehicle, they work against used car owners seeking to sell their automobiles. As a direct result of the actions of Defendants, Plaintiffs have suffered:

  a. Immediate diminished value - the immediate loss of value;

  b. Inherent diminished value - damage implies the vehicle's loss of appeal when compared to an identical automobile with no damage.

  c. Repair-related diminished value - diminished value if the repairer fails to completely repair your vehicle or does a poor job in restoring it to its pre-accident state or uses subpar or non-original parts.

## COUNT V
## FRAUD, MISREPRESENTATION & DECEIT
## PLAINTIFFS V. ALL DEFENDANTS

47. Plaintiffs hereby incorporate all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

48. Without reiterating all of the well-pled facts, above-stated, Defendants have/are attempting to coerce Plaintiffs into making repairs, improvements or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of the condition of the Ford prior to August 23, 2020 which Defendants know will diminish or void the value, operation, warranty and reliability of the Ford.

## COUNT VI
## NEGLIGENCE
## PLAINTIFFS V. ALL DEFENDANTS

49. Plaintiffs hereby incorporate all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

50. The injuries sustained resulted solely from the negligence and carelessness of the Defendants, and was due, in no manner whatsoever, to any act or failure to act on the part of the Plaintiffs.

51. The aforesaid incident was caused solely by reason of the negligence and carelessness of the Defendants, jointly and/or severally, and in addition to the aforementioned, consisted of the following:

   a. Failing to use the highest degree of skill in the repair of a motor vehicle;

   b. Failing to properly train, supervise and oversee its employees and mechanics;

   c. Failing to exercise due care, skill and caution under the circumstances;

    d.    Failing to warn Plaintiffs that utilizing Defendants services may/will cause Plaintiffs great financial harm;

    e.    Failing to provide Plaintiffs with the goods and services for which they paid good and valuable consideration;

    f.    Such other acts or failures to act as shall be revealed through the course of discovery.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees, and any other damages allowed by law.

## JURY DEMAND

Plaintiff herein demands a jury trial.

**TABAKINWOLFE, LLP**

BY: _____
BRAD S. TABAKIN, ESQUIRE
Plymouth Greene Office Campus
1000 Germantown Pike, B-3
Plymouth Meeting, PA 19462
P: 215-525-1616
F: 215-525-5858
brad@twlegal.net